Tompkins, J.,
delivered the opinion of the" Court.
Thorp brought his action of assumpsit against Brocltman, in the Circuit Court of Randolph county. Brockman pleaded non-assumpsit, and the statute of limitations. Thorp had judgment in the Circuit Court,.and to reverse that judgment this appeal is taken. On the trial of the cause, it was in evidence that Joseph Embree, now deceased, made a gift by deed, dated 15th July, 1818, of some personal property to eight of his children and three of his grand children, of which personal property the three grand children were to receive one-ninth part, to be equally divided among them. Brockman, the defendant in this cause, was by Thorp, who had married one of the grand children of said Joseph Embree,, constituted his agent to sell and receive pay for his wife’s interest in property accruing under the said deed. The others taking under the said deed also constituted him their agent. In the year 1818, .Brockman sold the property on a credit, and took notes from the purchasers. AU the testimony given to prove the acknowledgment of the demand of Thorp within five years next before the commencement of this suit, is contained in the testimony of two witnesses, David Hampton and Joseph Embree. Hampton says that in the latter part of the year 1829, or the first.of 1830, Stephen Brockman informed him he must have some money or Thorp would sue him. To Joseph Embree, the other witness, the question was put: “ If you had a conversation with Stephen Brockman, the defendant, state when it was, and whether or not he admitted in that conversation that the plaintiff, Thorp, had hot received his portion of the estate of Joseph Embree, deceased.” Answer: “ The conversation referred to in the question, was in the winter of 1829 or the spring, of 1830. Said Brockman stated to me that he thought there were about four or five hundred dollars coming to him from *156 David Hampton, and the said Thorp had not received his part of the estate, as I understood him.” It was also in evidence that Joseph Embree, deceased, after making the deed aforesaid, died, and that Hampton administered on the estate-; that Hampton and Brockman, by .authority of the heirs of Embree, sold the land of deceased; and that Hampton paid Thorp his interest in the sales of the land ; and that Hampton said he always intended paying Thorp his proportion of the sales made by him as administrator of Joseph Embree, and his proportion-of the sale of land alluded to before in his deposition. On the trial of the cause the defendant moved the Court to suppress the interrogatory above mentioned, (for the deposition of the witness had 'been taken,) and the Court overruled the motion. The defendant, after the testimony was closed, moved the Court to instruct the jury, that there was no evidence before them of a promise of payment, made by the defendant to the plaintiff, at any time within five years next before the commencement of this suit. This instruction the Court refused, but instructed the jury to find for the defendant, unless they believed from the evidence before them that the defendant did make such promise within five years next before the commencement of this suit. After verdict the defendant moved the Court to grant a new trial for these reasons :
First. The verdict is against the law and evidence.
Second. The Court misinstructed the j.ury.
Third. The Court refused to give the instruction above prayed for.
Other reasons were assigned which we do .not think it material to -notice.
It is assigned for error:
First. That the Court permitted incompetent evidence to go to the jury.
Second. That the Court refused to instruct the jury that there was no evidence before them of a promise made by the defendant to the plaintiff, for the payment of money at any time within five years next before the commencement of this suit.
Third. The Court erred in refusing a new trial.
The first error assigned embraces the overruling by the Court of the defendant’s motion to suppress the answer of Joseph Embree to the interrogatory above mentioned. Had that question been put in this form, “ did not Stephen Brockman admit in that conversation, that Thorp had not received'his portion of the estate of Joseph Embreo, deceased,” its leading character would not have been disputed by any one. It has been sometimes attempted to qualify that kind of questions by putting them thus: “ Did Brockman or did he not admit,” &c. But the practice has always been discountenanced by the Courts, because although the question is put in the alternative, yet the witness, supposed in law -to be partial to the suitor summoning him, will always have sagacity enough to know whether an answer in the negative or affirmative will most conduce to advance the interest-of his friend, and is by such a question as directly led to the answer wanted, as if the question had been put thus-: Did he not admit that Thorp had not received,” &e. In the case before the Court the witness was asked whether or not 'Brockman admitted that Thorp had not received his proportion of the estate of Joseph Embree, deceased. This last manner of staling the question is equally as objectionable as the former. The Court erred then, we think, in not suppressing the answer.
The second assignment, viz: that the Court misinstructed the jury, is not in our opinion well made. Whether the Court erred in refusing the instructions prayed, will be inquired into in another place; but certainly the instruction given was correct.
*157 The third assignment of errors, viz: that the Court refused a new trial, we think was correctly made. For the answer of Joseph Embree being suppressed, as it ought to have been, no testimony remains against Brockman, but the declaration made by him to Hampton, viz: that Brockman informed him in the latter part of the year 1829, he must have some money or Thorp would sue him. This testimony, weak as it is, being before the jury, with the evidence before given of Brockman’s agency in selling the property conveyed by the deceased, Joseph Embree, to his children, and also the evidence of his authority to collect the proceeds of .such sale, the Court are not agreed to say that the Circuit Court erred in refusing the instruction asked by the defendant; but they feel no hesitation in saying that even had the answer of Joseph Embree been competent evidence, a new trial ought to have been granted. That answer is very vague':'- “ Brockman stated to me that he thought there were about four or five hundred dollars coming to him from Hampton, and that Thorp had not received his part of the estate.” Of what estate ? No estate but that of Joseph Embree, deceased, had been Spoken of, and Hampton administered— then the share of Thorp was coming-from Hampton. For the property given by the deed of- the deceased could not be called his estate. It had changed owners in his lifetime. Again let us examine the preceding clause of that answer: “ Said Brock-man told me that there were about four or five hundred dollars coming to him from Hampton.” It might well be that Brockman intended to say this money was coming from Hompton to himself, and indeed the latter clause of the answer, which was above noticed, seems to be unmeaning, unless we suppose the money were coming to some other person than Thorp: for he then says, “ and the said Thorp had not received his part of the estate.” Now if there were four or five hundred dollars coming to Thorp from Hampton, Brockman could not be the debtor 5 and moreover it would have been idle to add, after saying so much, that Thorp had not received his proportion of the estate. Again it may be asked of what estate had he not received his share? No estate but that of Joseph Embree had been spoken of, and Hampton was the administrator: then Brockman could not be liable for that sum. Nor can it be pretended that the property conveyed by the deceased in his lifetime, to his children and grand children, could be called his estate after his death. For these reasons the judgment of the Circuit Court is reversed, and the cause remanded for further trial.